# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **JULIE L. WELCH,** <br><br> **Plaintiff,** <br><br> v. <br><br> **MICHAEL J. ASTRUE,** <br> **Commissioner of Social Security,** <br><br> **Defendant.** | **MEMORANDUM DECISION AND ORDER** <br><br><br> **Case No. 2:09-cv-667-PMW** <br><br><br><br> **Magistrate Judge Paul M. Warner** |

Before the court is Julie L. Welch's ("Plaintiff") appeal of Michael J. Astrue's (the "Commissioner") final decision determining that Plaintiff was not entitled to Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. *See* 42 U.S.C. §§ 1381-1383f. After careful consideration of the written briefs and the complete record, the court has determined that oral argument would not be helpful or necessary in this case.

## BACKGROUND

Plaintiff applied for SSI in October 2005, alleging a disability onset date of September 15, 2005, due to various physical impairments.[1] After Plaintiff's applications were denied initially and upon reconsideration,[2] she requested a hearing before an Administrative Law Judge

---

[1] *See* docket no. 11, Exhibits 1-10, Administrative Record ("Tr. ____"), 12, 81.

[2] *See* Tr. 22-23.

("ALJ").[3] The hearing before the ALJ was held on March 13, 2007.[4] The ALJ issued a written decision on June 27, 2007, denying Plaintiff's claim for SSI.[5] Plaintiff then filed a request for review of the ALJ's decision.[6] On May 26, 2009, the Appeals Council denied Plaintiff's request for review,[7] making the ALJ's June 27, 2007 decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 1383(c)(3); 20 C.F.R. § 416.1481.

On July 29, 2009, Plaintiff filed her complaint in this case, which was assigned to District Judge Clark Waddoups.[8] After receiving an extension of time,[9] the Commissioner filed his answer on January 20, 2010, along with the Administrative Record.[10]

On April 16, 2010, Judge Waddoups referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[11] Thereafter, in response to a court order,[12] both parties consented to having a United States Magistrate Judge conduct all proceedings in the case,

---

[3] *See* Tr. 35.

[4] *See* Tr. 375-402.

[5] *See* Tr. 9-18.

[6] *See* Tr. 8.

[7] *See* Tr. 4-6.

[8] *See* docket no. 3.

[9] *See* docket nos. 7-8.

[10] *See* docket nos. 9, 11.

[11] *See* docket no. 14.

[12] *See* docket no. 15.

including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[13] Consequently, the case was reassigned to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(c) and rule 73 of the Federal Rules of Civil Procedure.[14]

On May 14, 2010, Plaintiff filed his opening brief.[15] The Commissioner filed his responsive brief on July 16, 2010.[16] Plaintiff filed his reply brief on August 9, 2010.[17]

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted). The Commissioner's findings, "if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citation omitted). "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted). "The failure to apply the correct legal standard or to

---

[13] *See* docket no. 16.

[14] *See id*.

[15] *See* docket no. 17.

[16] *See* docket no. 18.

[17] *See* docket no. 19.

provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

A five-step evaluation process has been established for determining whether a claimant is disabled. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process). If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed. *See* 20 C.F.R. § 416.920(a)(4).

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.

*Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see* 20 C.F.R. § 416.920(a)(4)(i)-(ii).

"Step three determines whether the impairment is equivalent to one of a number of listed impairments that . . . are so severe as to preclude substantial gainful activity . . . . If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ." *Williams*, 844 F.2d at 751 (quotations and citations omitted); *see* 20 C.F.R. § 416.920(a)(4)(iii). At the fourth step, the

4

claimant must show that the impairment prevents performance of his "past relevant work." 20 C.F.R. § 416.920(a)(4)(iv). "If the claimant is able to perform his previous work, he is not disabled." *Williams*, 844 F.2d at 751. If, however, the claimant is not able to perform his previous work, he "has met his burden of proof, establishing a prima facie case of disability." *Id*.

At this point, "[t]he evaluation process . . . proceeds to the fifth and final step." *Id*. At this step, the burden of proof shifts to the Commissioner, and the decision maker must determine "whether the claimant has the residual functional capacity [("RFC")] to perform other work in the national economy in view of his age, education, and work experience." *Id*.; *see* 20 C.F.R. § 416.920(a)(4)(v). If it is determined that the claimant "can make an adjustment to other work," 20 C.F.R. § 416.920(a)(4)(v), he is not disabled. If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," *id*., he is disabled and entitled to benefits.

## ANALYSIS

In support of her claim that the Commissioner's decision should be reversed, Plaintiff argues that the ALJ erred: (1) in his analysis of Plaintiff's chronic pain, (2) in his treatment of the opinions of Plaintiff's treating sources, (3) by committing several errors at step four of the sequential evaluation process, and (4) in his assessment of Plaintiff's RFC. The court will address each of those arguments in turn.

### I. Pain

Plaintiff argues that the ALJ erred in his analysis of Plaintiff's allegations of chronic pain. In determining whether Plaintiff's subjective allegations of pain are credible, the court must consider "(1) whether [Plaintiff] established a pain-producing impairment by objective medical

5

evidence; (2) if so, whether there is a 'loose nexus' between the proven impairment and [Plaintiff's] subjective allegations of pain; and (3) if so, whether, considering all the evidence, both objective and subjective, [Plaintiff's] pain is in fact disabling." *Musgrave v. Sullivan*, 966 F.2d 1371, 1376 (10th Cir. 1992) (quoting and citing *Luna v. Bowen*, 834 F.2d 161, 163-64 (10th Cir. 1987)).

Even assuming for the sake of argument that Plaintiff has established the first two elements of that analytical framework, the court must still consider the third element. *See id*. Under the third element, consideration is given to both objective record evidence and subjective evidence. The subjective evidence includes Plaintiff's own testimony and is "evaluated only on the basis of credibility." *Thompson v. Sullivan*, 987 F.2d 1482, 1489 (10th Cir. 1993).

Concerning objective medical evidence, the court has determined that Plaintiff's arguments are nothing more than attempts to reargue the weight of the evidence before the ALJ, which is a futile tactic on appeal because it is not this court's role to reweigh the evidence before the ALJ. *See Madrid*, 447 F.3d at 790. Indeed, it is the ALJ's role to weigh and resolve evidentiary conflicts and inconsistencies. *See, e.g.*, *Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000); *Eggleston v. Bowen*, 851 F.2d 1244, 1247 (10th Cir. 1988). Accordingly, the court will not disturb the ALJ's determination that there was an overall lack of objective medical evidence to support Plaintiff's allegations about her pain, which is a proper factor for the ALJ to consider under the third element. *See* 20 C.F.R. § 416.929(c)(2).

With respect to the subjective evidence, the court turns to the ALJ's assessment of Plaintiff's credibility. In general, "[c]redibility determinations are peculiarly the province of the

finder of fact, and [this court] will not upset such determinations when supported by substantial evidence." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (quotations and citation omitted). Although credibility determinations "should be closely and affirmatively linked to substantial evidence," *id*. (quotations and citation omitted), they "do[] not require a formalistic factor-by-factor recitation of the evidence." *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).

Social Security Ruling ("SSR") 96-7p clarifies the standards an ALJ must apply when evaluating the credibility of an individual's statements, including his or her allegations of pain. *See* SSR 96-7p. In addition to the objective medical evidence, an ALJ should consider the following factors when assessing the credibility of an individual's statements:

1. The individual's daily activities;
2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;
3. Factors that precipitate and aggravate the symptoms;
4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;
5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;
6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and
7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

*Id*.; *see* 20 C.F.R. § 416.929(c); *see also Thompson v. Sullivan*, 987 F.2d 1482, 1489 (10th Cir. 1993).

Plaintiff incorrectly asserts that the ALJ failed to consider the factors set forth in SSR 96-7p. In reaching his conclusion that Plaintiff's allegations of pain "are not credible or reliable,"[18] the ALJ properly considered the following factors from SSR 96-7p: Plaintiff's daily activities; the type of medication Plaintiff was taking to alleviate pain; and the treatment, or lack thereof, in which Plaintiff had been willing to participate to relieve her pain. *See* 20 C.F.R. § 416.929(c)(3); SSR 96-7p. Accordingly, the court concludes that the ALJ articulated sufficient reasoning and relied upon proper factors in determining that Plaintiff's testimony was not credible.

Based on the foregoing, the court concludes that the ALJ did not err in his analysis of Plaintiff's allegations of chronic pain.

## II. Treating Source Opinions

Plaintiff argues that the ALJ failed to properly evaluate the opinions of two of Plaintiff's treating sources, Dr. Howard Reichman and Mr. David R. Glassford.

> In deciding how much weight to give a treating source opinion, an ALJ must first determine whether the opinion qualifies for controlling weight. To make this determination, the ALJ . . . must first consider whether the opinion is well[ ]supported by medically acceptable clinical and laboratory diagnostic techniques. If the answer to this question is "no," then the inquiry at this stage is complete. If the ALJ finds that the opinion is well[ ]supported, he must then confirm that the opinion is consistent with other substantial evidence in the record. If the opinion is deficient in either of these respects, then it is not entitled to controlling weight.

---

[18] Tr. 16.

> Even if a treating physician's opinion is not entitled to controlling weight, treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in [20 C.F.R. § 416.927]. Those factors are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.
>
> Under the regulations, the agency rulings, and [Tenth Circuit] case law, an ALJ must give good reasons . . . for the weight assigned to a treating physician's opinion . . . that are sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reason for that weight. If the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so.

*Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004) (quotations and citations omitted) (sixth alteration in original); *see also* 20 C.F.R. § 416.927(d). An ALJ is not required to discuss every factor set forth in the relevant regulations. *See Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007) (stating that when an ALJ does not discuss every factor, it "does not prevent this court from according his decision meaningful review").

As with other evidentiary matters, when an ALJ is considering medical opinion evidence, it is the ALJ's role to weigh and resolve evidentiary conflicts and inconsistencies. *See, e.g.*, *Rutledge*, 230 F.3d at 1174; *Eggleston*, 851 F.2d at 1247. In addition, a treating source's opinion that a claimant is disabled "is not dispositive because final responsibility for determining the

ultimate issue of disability is reserved to the [Commissioner]." *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1029 (10th Cir. 1994); *see also* 20 C.F.R. § 416.927(e).

In this case, because the ALJ concluded that the opinions of Dr. Reichman and Mr. Glassford were not entitled to significant weight, it is implicit that the ALJ also viewed those opinions as not being entitled to controlling weight. Accordingly, the court turns to the deference and weight the ALJ gave to Dr. Reichman's and Mr. Glassford's opinions. *See Langley*, 373 F.3d at 1119; *see also* 20 C.F.R. § 416.927(d).

The court first addresses Dr. Reichman's opinions. In reaching his determination about Dr. Reichman's opinions, the ALJ properly relied upon the fact that Dr. Reichman's opinions were not supported by the medical documentation. *See* 20 C.F.R. § 416.927(d)(3)-(4). The ALJ also properly relied upon the fact that many of Dr. Reichman's opinions were based on the acceptance of Plaintiff's allegations about her symptoms, which the ALJ concluded were not credible. *See id.* § 416.927(d)(3). Finally, the ALJ correctly noted that one of Dr. Reichman's conclusions related to an issue reserved to the Commissioner, namely, whether Plaintiff is disabled. *See Castellano*, 26 F.3d at 1029; *see also* 20 C.F.R. § 416.927(e). For these reasons, the court concludes that the ALJ did not err in his evaluation of Dr. Reichman's opinions.

The court turns next to the opinions of Mr. Glassford, who is a family nurse practitioner and, therefore, is considered an "other source." *See* SSR 06-03p. Pursuant to SSR 06-03p, the factors for evaluating the opinions of treating physicians apply with equal weight to the opinions of treating sources who are "other sources." *See id.*; *see also* 20 C.F.R. § 416.927(d). However, not every factor will apply in every case in which there is opinion evidence form a treating source

10

that is an "other source." *See* SSR 06-03p. In addition, whether a treating source is or is not an acceptable medical source is a factor to be considered in the weight given to opinion evidence from a particular treating source. *See id*.

In assessing Mr. Glassford's opinions, the ALJ noted that they were not entitled to significant weight for the same reasons he accorded little weight to the opinions of Dr. Reichman. The court has already determined that the ALJ's consideration of those factors was proper. In addition, the ALJ properly relied on the fact that Mr. Glassford's opinions were vague and not supported by record evidence. *See* 20 C.F.R. § 416.927(d)(3)-(4). For these reasons, the court concludes that the ALJ did not err in his evaluation of Mr. Glassford's opinions.

### III. Step Four

Plaintiff argues that the ALJ committed three separate errors at step four of the sequential evaluation process. Plaintiff asserts that the ALJ erred (A) by failing to adhere to SSR 82-62, (B) by violating 20 C.F.R. § 416.966,[19] and (C) by violating SSR 00-4p.

### A. SSR 82-62

In order for an ALJ's determination that a claimant can perform his past relevant work to be proper, the ALJ's decision must contain the following findings of fact:

1. A finding of fact as to the individual's RFC.
2. A finding of fact as to the physical and mental demands of the past job/occupation.

---

[19] Plaintiff asserts that the ALJ erred by violating 20 C.F.R. § 404.1566. That regulation, however, applies to Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, *see* 42 U.S.C. §§ 401-434. Accordingly, the court presumes that Plaintiff intended to refer to the corresponding regulation for SSI, which is 20 C.F.R. § 416.966.

> 3. A finding of fact that the individual's RFC would permit a return to his or her past job or occupation.

SSR 82-62; *see also Winfrey v. Chater*, 92 F.3d 1017, 1023-25 (10th Cir. 1996).

Plaintiff does not argue that the ALJ failed to make the first finding. Concerning the second and third findings, Plaintiff incorrectly asserts that the ALJ failed to question either Plaintiff or the vocational expert ("VE") about the physical and mental demands of Plaintiff's past work. The ALJ gathered information about Plaintiff's past work from Plaintiff herself during the hearing. Plaintiff testified to the requirements of her past jobs, including the three at issue in this case. After obtaining that testimony, the ALJ posed a hypothetical question to the VE that required consideration of specific demands of those jobs. Based on Plaintiff's testimony and the VE's response to the hypothetical question, the ALJ concluded that Plaintiff's past work did not require demands in excess of her RFC. That analysis was sufficient. *See Doyal v. Barnhart*, 331 F.3d 758, 760-61 (10th Cir. 2003); *see also Jordan v. Barnhart*, 213 Fed App'x 643, 646 (10th Cir. 2006) (unpublished). Therefore, the court concludes that the ALJ did not err in his adherence to the requirements of SSR 82-62.

## B. 20 C.F.R. § 416.966

Plaintiff asserts that the ALJ erred by violating 20 C.F.R. § 416.966 when he failed to require the VE to provide numbered references to the Dictionary of Occupational Titles ("DOT") for the jobs the VE listed at step four. Plaintiff bases her argument exclusively on language from *Haddock v. Apfel*. *See* 196 F.3d 1084, 1089 (10th Cir. 1999). The court has determined that Plaintiff's reliance on *Haddock* is misplaced. The court is not persuaded that the language

Plaintiff relies upon requires a VE to provide numbered references to the DOT. Furthermore, even if the court assumes for the sake of argument that Plaintiff's interpretation of that language is correct, the language specifically addresses the requirements at step five of the sequential process, not step four. That distinction is important because Plaintiff retains the burden of proof at step four, while the burden of proof shifts to the Commissioner at step five. *See* 20 C.F.R. § 416.920(a)(4)(iv)-(v); *Williams*, 844 F.2d at 751.

Plaintiff also argues that because the VE failed to provide numbered references to the DOT, it was unclear to which DOT sections the VE was referring when he testified about the requirements of Plaintiff's past work. That argument fails. In his testimony, the VE provided the names, exertional levels, and Specific Vocational Preparation levels of the jobs he referenced. Accordingly, the court is not persuaded that it was unclear to which DOT sections the VE was referring. Moreover, even if Plaintiff had been able to persuade the court that an error occurred here, the court would conclude that it was harmless. *See, e.g.*, *Fischer-Ross v. Barnhart*, 431 F.3d 729, 733-34 (10th Cir. 2005) (recognizing applicability of harmless error analysis in Social Security context).

### C. SSR 00-4p

Pursuant to SSR 00-4p, before an ALJ relies upon a VE's testimony to support a disability determination, he must identify and obtain a reasonable explanation for any conflicts between the VE's testimony and the DOT, as well as explain in his decision how any such conflicts were resolved. *See* SSR 00-4p; *see also Haddock*, 196 F.3d at 1089-92. SSR 00-4p provides that the ALJ has an "affirmative responsibility" to ask the VE about any possible

conflicts between the VE's testimony and the DOT. SSR 00-4p. If a VE's testimony appears to conflict with the DOT, the ALJ must then obtain a reasonable explanation for the apparent conflict. *See id*.

Plaintiff argues that the ALJ erred by failing to satisfy his obligations under SSR 00-4p because he failed to ask the VE about any conflicts between the VE's testimony and the DOT. Plaintiff does not identify any actual conflicts; instead, she argues that the ALJ's failure to inquire about conflicts is a basis for reversal. The court disagrees. The Commissioner asserts, and Plaintiff does not dispute, that there are no actual conflicts between the VE's testimony and the DOT. Accordingly, the court concludes that any error committed by the VE by failing to inquire about such conflicts was harmless. *See Poppa v. Astrue*, 569 F.3d 1167, 1173 (10th Cir. 2009) ("Although we agree that the ALJ erred by not inquiring about whether there were any conflicts between the VE's testimony about the job requirements for the jobs identified and the job descriptions in the DOT, we conclude that this error was harmless because there were no conflicts.").

## IV. RFC

Plaintiff argues that the ALJ erred in his assessment of Plaintiff's RFC. Specifically, Plaintiff asserts that the ALJ's determination that Plaintiff could sit six hours in an eight-hour workday is not supported by substantial evidence. In support of that argument, Plaintiff relies exclusively on the ALJ's alleged erroneous treatment of the opinions of Dr. Reichman and Mr. Glassford. The court has concluded above that the ALJ did not err in his treatment of the Dr. Reichman's and Mr. Glassford's opinions. Therefore, this argument fails.

## CONCLUSION AND ORDER

The court concludes that all of Plaintiff's arguments fail. Accordingly, **IT IS HEREBY ORDERED** that the Commissioner's decision in this case is **AFFIRMED** in all respects.

**IT IS SO ORDERED**.

DATED this 11th day of March, 2011.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge